ZBUDOWSKI *v.* MICHIGAN STATE BANK OF DETROIT.

1. APPEAL AND ERROR—SETTLING CASE ON APPEAL—ESTOPPEL.

Where defendant's attorney consented to settlement of case on appeal by presiding judge of circuit instead of by judge before whom case was tried, and approved certificate signed by presiding judge at a time when plaintiff still had time to notice and settle the case before the trial judge (Circuit Court Rule No. 66, 3 Comp. Laws 1915, §§ 13757, 12636), defendant is estopped from questioning the regularity of the appeal.

2. BILLS AND NOTES—MARRIED WOMEN—FRAUD.

Married woman induced to sign promissory note as security by fraudulent representations and without consideration is entitled to be discharged from liability thereon, although note was in conformity with Act No. 158, Pub. Acts 1917, § 2, abolishing common-law disability of married women.

Appeal from Wayne; Perkins (Willis B.), J., presiding. Submitted January 15, 1930. (Docket No. 128, Calendar No. 34,750.) Decided March 6, 1930. Rehearing denied April 24, 1930.

Bill by Catherine Zbudowski against Michigan State Bank of Detroit to restrain negotiation of a promissory note procured by fraud. From a decree for defendant, plaintiff appeals. Reversed.

*Amalia S. Cyrowski,* for plaintiff.

*Arthur A. Koscinski* and *Robert J. Wojcinski* (*Payne & Payne,* of counsel), for defendant.

POTTER, J. October 26, 1926, plaintiff filed a bill of complaint in the circuit court of Wayne county to enjoin defendants from negotiating a promissory note signed by her and to cancel the note as to her

liability thereon, on the ground that it had been procured by fraud. From a decree for defendant plaintiff appeals.

A motion was filed, January 15, 1930, by attorneys for defendant and appellee, to dismiss the appeal, on the ground the case on appeal was not signed by the circuit judge who tried the case. If defendant were not estopped, if it had objected seasonably and moved promptly, the appeal might have been dismissed. Circuit Court Rule No. 66; 3 Comp. Laws 1915, §§ 13757, 12636; *Thompson* v. *Hurson,* 206 Mich. 139. November 7, 1929, a stipulation was filed extending the time in which to settle the case on appeal to and including November 19, 1929. It was settled and signed by Judge Richter, presiding judge, in the absence from the circuit of the circuit judge before whom the case was tried, November 14, 1929. Judge Richter's certificate was approved by defendant's attorney prior to its being signed.

Had there been no consent, plaintiff still had time to notice and settle the same before Judge Perkins. Defendant must be held to have consented to the settlement of the case by Judge Richter and to have approved the certificate signed by him. No objection was made to Judge Richter's acting. The motion to dismiss was not made here until after the record was printed and briefs filed. Under the facts disclosed, we hold defendant estopped from questioning the regularity of the settlement of the case which it approved.

One John Czerkawski had been employed as manager of a branch bank belonging to defendant and had become indebted thereto to the extent of between $25,000 and $30,000 for alleged defalcations. He was about to be arrested. The bank wanted security for Czerkawski's liability to it. Czerkawski

and plaintiff and her husband were friends of some years' standing. Czerkawski applied to the plaintiff's husband for assistance. They went to the office of Mr. Sidney E. Doyle, attorney for the defendant bank, where the paper in question was prepared. Czerkawski and wife owned some real estate, and the plaintiff and her husband also owned real estate which they held as tenants by the entirety. Czerkawski and plaintiff's husband were present when the papers were prepared and the note in question was signed by plaintiff's husband in Mr. Doyle's presence. The problem then was to obtain the signature of plaintiff. It was finally agreed between Czerkawski and plaintiff's husband that they would represent to the plaintiff that Czerkawski had to put up an additional bond as manager of defendant's branch bank by reason of the growing business of the bank and his increased liability or he would lose his job as such branch manager, and the note in question upon which her signature was to be procured was security for that purpose. The testimony is undisputed that Czerkawski and plaintiff's husband so represented the instrument to the plaintiff. Plaintiff's husband evidently relied upon Czerkawski's representations to him as to Czerkawski's real estate holdings in the vicinity of Detroit and their value. It is undisputed that Czerkawski misrepresented to plaintiff's husband the property he claimed to own. The property was in a different location, nearly a mile further out, and worth considerably less than it would have been if it had been located where Czerkawski represented it to be. Plaintiff's husband, undoubtedly, at the time he assisted Czerkawski in obtaining plaintiff's signature, believed Czerkawski's property was amply sufficient to protect him and the plaintiff from liability on the note

and mortgage given, and he, the more readily by reason thereof, assisted Czerkawski in obtaining plaintiff's signature on the note. No consideration moved to plaintiff. She received and was to receive nothing for signing the note. The note did not concern her separate property. Act No. 158, Pub. Acts 1917, abrogates and abolishes the common-law disability of married women to make and enter into the class or kind of contracts specified in section 2.

Section 2, Act No. 158, Pub. Acts 1917, provides:

"Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and make themselves jointly liable with their husbands upon any written instrument as hereinafter provided. Such instrument shall contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof. Said liability to extend, however, only to the property described in the following section."

This note was carefully prepared, and in language complies with the statute, and were it not for the undisputed testimony that plaintiff's signature thereto was obtained without consideration moving to the plaintiff by the fraud upon, and the false representations made to her, it would be valid; but the testimony is undisputed she signed the note believing and relying upon the representations made to her, which were false, and was thereby deceived. The decree is reversed, and a decree will be entered canceling plaintiff's liability, with costs.

Wiest, C. J., and Butzel, Sharpe, and Fead, JJ., concurred with Potter, J. Clark, McDonald, and North, JJ., concurred in the result.